THOMAS J. SHEA, PROSECUTOR, v. MEYER C. ELLEN-
STEIN ET AL., DEFENDANTS.

Argued January 20, 1937—Decided July 27, 1937.

Before Justices Parker, Lloyd and Donges.

For the prosecutor, *Gilhooly & Yauch*.

For the defendants, *Frank A. Boettner, Jules E. Tepper, Joseph A. Ward* and *Lum, Tamblyn & Fairlie*.

The opinion of the court was delivered by

Donges, J.   The prosecutor, a taxpayer of the city of Newark, seeks a review of action of the board of commissioners of the city of Newark in adopting a certain resolution, dated August 26th, 1936, accepting an offer of lease of property, known as "Army Base," made on behalf of Newark Tidewater Terminals, Incorporated; in adopting an ordinance, dated October 14th, 1936, providing for the letting of said property; and in executing a lease, dated November 12th, 1926, for said property between the city of Newark, as lessor, and Newark Tidewater Terminals, Incorporated, for a period of fifteen years.   After the allowance of a rule to show cause why a *certiorari* should not issue, a writ of *certiorari* was allowed and the matter is now before us on that writ.

The property consists of a tract of land, comprising 136.171 acres, acquired by the city by contract of sale from the United States, dated September 1st, 1926, upon condition that the purchase price of $2,000,000 be paid in annual installments.

The property is known as the Army Base, and consists of lands fronting on Newark Bay, a private waterway constructed and owned by the city of Newark, and certain structures and railroad tracts, all constituting an industrial and tidewater terminal.

Prosecutor urges that the proceedings of the city commissioners approving and accepting the offer of Tidewater corporation, and the subsequent leasing of the property to that corporation are invalid, as in contravention of paragraph 9 of article XXVIII of chapter 152 of the laws of 1917, page 424, because therein it is provided that leases of storage facilities, wharves, piers, bulkheads, docks, slips and basins belong-

ing to a municipality shall be for a period not to exceed ten years, and that all leases of such property shall be exposed to public sale, and sold to the highest bidder at public sale and vendue or outcry.

On behalf of respondents it is urged that chapter 213 of the laws of 1928, page 386, which provides:

"1. Every city of the first class of this state may lease to any person or persons any land or building of the municipality not needed for public use for a fixed term not exceeding fifty (50) years," authorized Newark, a city of the first class, to lease any land or building without public sale and upon such terms as the city and the lessee may agree upon.

Whether this act clothes the city with authority to effect the lease in question it is not necessary to decide, because it appears, as is also urged on behalf of respondents, that ample authority is granted by chapter 176 of the laws of 1920, page 358. That act authorizes any city fronting upon the navigable waters of this state to establish docks, warehouses, ferries, terminals and shipping and industrial facilities, and to lease for a term of years, in whole or in part, such property and facilities. Such a city is Newark and such appears to be the property involved in the instant case. This act authorizes the acquisition of lands and rights in lands, as may be necessary for the purpose.

In section 2 of the act it is provided that the governing body of such city shall have "power to operate and maintain such terminal or to lease for a term not exceeding fifty years the whole or any part thereof, or the lands, lands under water and rights therein, upon which such terminal is proposed to be established under an agreement or agreements for the construction, erection, and equipment thereof by the lessee or lessees upon such terms and conditions as may be determined by such governing body."

Language of similar import was passed upon in *Reade* v. *Asbury Park,* 101 *N. J. L.* 319; *affirmed,* 102 *Id.* 221, and it was held that the discretion was reposed in the governing body, and that offer at public sale was not required. Here the language is that the letting shall be "upon such terms and con-

ditions as may be determined by the governing body." The language used would seem to preclude the necessity for bidding, in that the fixing of terms and conditions was reposed in the governing body. *Stern* v. *Jersey City,* 8 *N. J. Mis. R.* 307.

A ground urged for setting aside the actions herein is that Commissioner Parnell was denied information touching the terms and conditions of the letting and hence no proper action could be taken by the board of commissioners. A reading of the proofs fails to support this contention. No information was denied any member of the commission. The sources of information were open to all of them alike and the amount of information acquired depended solely upon the will of the member to secure the information.

It is further contended that the lease for the property was not in accordance with the proposal submitted on behalf of the lessee. As stated above, the statute authorizes the governing body to determine the terms and conditions of the letting, hence a variance between the proposal and the lease is not material.

The other points urged as grounds to set aside municipal action herein are, in effect, that there was abuse of discretion, either because of lack of knowledge on the part of the city commissioners, or because the terms are not the best available or not to the advantage of the city.

In *Oakley* v. *Atlantic City,* 63 *N. J. L.* 127, it was said:

"In the absence of fraud or palpable abuse of discretion on the part of the municipal authorities in the exercise of power granted by the legislature, the only question for judicial cognizance is whether there has been any violation of legal principles or neglect of prescribed formalities in entering into the engagement which is the subject of controversy. *McGovern* v. *Trenton,* 28 *Vr.* 580; *Schefbauer* v. *Kearney, Id.* 588; *Van Reipen* v. *Jersey City,* 29 *Id.* 262, 268.

"The wisdom of the legislation by which powers are conferred, and the formalities prescribed thereby, by which such powers are to be exercised, are legislative and not judicial questions."

We do not find, from the evidence, the presence of fraud or bad faith in the proceedings under review nor that there has been a palpable abuse of discretion on the part of the municipal authorities in such action. Nor do we find any failure to comply with any legal requirement in the proceedings and action under consideration.

The proceedings, resolution, ordinance and lease must be affirmed, and the writ of *certiorari* dismissed, with costs.